## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARLENE FULWOOD<br>309 Maryland Ave.<br>Hamilton, VA 20158<br><br>     Plaintiff,<br><br>vs.<br><br>THE STANDARD INSURANCE<br>COMPANY, A Subsidiary of StanCorp<br>Financial Group, Inc.<br>1100 SW Sixth Avenue<br>Portland, OR 97204,<br><br>and<br><br>CH2M HILL GROUP DISABILITY<br>PLAN,<br><br>     CH2M Hill. | **ANSWER OF DEFENDANT CH2M HILL GROUP DISABILITY PLAN TO PLAINTIFF'S COMPLAINT**<br><br>Civil Action No. 1:06-CV-01748-CKK |

Defendant CH2M HILL GROUP DISABILITY PLAN (the "Plan"), through its attorneys, Holland & Hart LLP, for its Answer in the captioned action, hereby admits, denies, and states as follows:

### ANSWER TO ALLEGATIONS CONCERNING
### JURISDICTION AND VENUE

1.     Answering paragraph 1 of Plaintiff's Complaint, the Plan admits that Plaintiff purports to bring a civil action under ERISA, 29 U.S.C. § 1001, *et seq.* but denies that Plaintiff has stated any valid claims for relief.

2.     Answering paragraph 2 of Plaintiff's Complaint, the Plan admits that this Court has jurisdiction over this action, but denies that Plaintiff has stated any valid claims for relief.

3.     Answering paragraph 3 of Plaintiff's Complaint, the Plan admits that venue is proper under 29 U.S.C. §1132(e), but denies that Plaintiff has stated any valid claims for relief.

4.     Answering paragraph 4 of Plaintiff's Complaint, the Plan admits that Plaintiff purports to bring this action pursuant to ERISA 29 U.S.C. 1132(a), but denies that Plaintiff has stated any valid claims for relief.  The Plan denies all remaining allegations inconsistent with the foregoing.

**ANSWER TO ALLEGATIONS CONCERNING PARTIES**

5.     Answering paragraph 5 of Plaintiff's Complaint, the Plan admits, upon information and belief, that Plaintiff is an adult resident of Hamilton, Virginia.

6.     Answering paragraph 6 of Plaintiff's Complaint, the Plan admits that to the extent Plaintiff was a participant in the Plan, her participation arose as a consequence of her employment with CH2M HILL.

7.     Answering paragraph 7 of Plaintiff's Complaint, the Plan denies that Standard was the "insurer" of the Plan.  The Plan admits that Standard acted as the third-party claims administrator of the Plan.

**ANSWER TO ALLEGATIONS CONCERNING
THE DISABILITY CONTRACT**

8.     Answering paragraph 8 of Plaintiff's Complaint, the Plan denies that Standard was the insurer of the Plan or has any liability for benefit payments under the

Plan and states that Standard served only as the third-party claims administrator for the Plan, performing administrative functions and claims processing within the framework of rules established by the Plan.  The Plan denies allegations inconsistent with the foregoing.

9.    Answering paragraph 9 of Plaintiff's Complaint, the Plan states that the terms of the Plan speak for themselves. Further, the Plan states that such allegations contain legal conclusions which need be neither admitted nor denied at this time.

10.    Answering paragraph 10 of Plaintiff's Complaint, the Plan states that the terms of the Plan speak for themselves.

## ANSWER TO ALLEGATIONS CONCERNING PLAINTIFF'S DISABILITY CLAIM

11.    Answering paragraph 11 of Plaintiff's Complaint, the Plan states that the extent of its knowledge regarding Plaintiff's claimed disability is contained within the administrative claim record, and that such record speaks for itself. To the extent that any other answer is required, the Plan denies the allegations contained in paragraph 11.

12.    Answering paragraph 12 of Plaintiff's Complaint, the Plan admits that Plaintiff was an employee of CH2M but denies the remaining allegations contained therein.

13.    Answering paragraph 13 of Plaintiff's Complaint, the Plan admits that Plaintiff's initial claim was denied on December 16, 2004.

14.    Answering paragraph 14 of Plaintiff's Complaint, the Plan admits that Plaintiff filed an appeal on July 21, 2005 and states that the remaining allegations contained therein are vague and conclusory, and therefore denies them.  Further, the

Plan states that such allegations contain legal conclusions which need be neither admitted nor denied at this time.

15.     Answering paragraph 15 of Plaintiff's Complaint, the Plan admits that Plaintiff appealed the initial claim denial decision and that Standard issued a letter concerning the appeal on October 20, 2005.  The Plan further states that the letter of October 20, 2005 speaks for itself.

16.     Answering paragraph 16 of Plaintiff's Complaint, the Plan denies the allegations contained therein.

17.     Answering paragraph 17 of Plaintiff's Complaint, the Plan denies the allegations contained therein.

18.     Answering paragraph 18 of Plaintiff's Complaint, the Plan denies that Plaintiff sent more than one request for documents after the initial claim denial, and did not send any such request after Standard's letter of October 20, 2005 was sent.  Further, the Plan states that the remaining allegations contain legal conclusions which need be neither admitted nor denied at this time, and therefore denies them.

19.     Answering paragraph 19 of Plaintiff's Complaint, the Plan denies the allegations contained therein.

## ANSWER TO REQUESTED RELIEF

20.     Answering paragraph 20 of Plaintiff's Complaint, the Plan denies that Plaintiff is entitled to any benefits under the Plan.

21.     Answering paragraph 21 of Plaintiff's Complaint, the Plan denies that Plaintiff is entitled to an award of attorney's fees under ERISA.

-4-

22.    Answering paragraph 22 of Plaintiff's Complaint, the Plan denies that Plaintiff is entitled to any penalties under ERISA.

23.    Answering paragraph 23 of Plaintiff's Complaint, the Plan denies that Plaintiff is entitled to any relief in any form.

## SEPARATE DEFENSES

### First Separate Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Separate Defense

To the extent Plaintiff's Complaint asserts claims or seeks remedies not provided by ERISA, or to the extent Plaintiff relies upon state law with respect to any aspect of his claims, Plaintiff's claims are preempted and/or barred by ERISA.

### Third Separate Defense

Plaintiff is not entitled to attorney's fees and costs under ERISA, or other relief which has been requested, because (among other reasons) the Plan actions and defenses were reasonable and advanced in good faith.

### Fourth Separate Defense

Because Plan documents contain a grant of discretionary authority to claims decision-makers, the Court's review is limited to determining whether the Plan has acted arbitrarily or capriciously.

### Fifth Separate Defense

The Plan, Standard and all claims decision-makers have acted reasonably, and not arbitrarily or capriciously, with respect to consideration and determination of

Plaintiff's claim for benefits under the Plan.  All determinations concerning Plaintiff's claim for benefits are supported by substantial evidence.

### Sixth Separate Defense

Prejudgment interest is not provided under any term of the Plan.

### Seventh Separate Defense

Plaintiff's claims are barred by the doctrines of waiver, laches and estoppel, as incorporated into ERISA.

### Eighth Separate Defense

While the Plan denies that Plaintiff should be awarded any benefits, such benefits cannot be awarded prospectively.

### Ninth Separate Defense

CH2M and other Plan fiduciaries have discharged their duties with respect to the Plan in the interest of the Plan participants and beneficiaries, and, in doing so, CH2M and other Plan fiduciaries have acted in accordance with the documents and instruments governing the Plan.

### Tenth Separate Defense

While denying any liability to Plaintiff, there is no "vesting" of benefits under the Plan, and any claim for benefits based on an alleged continuing disability must be supported by proof of such continuing disability.

### Eleventh Separate Defense

While denying any liability to Plaintiff, any benefits under the Plan would be subject to offsets and deductions as set forth in Plan documents.

## Twelfth Separate Defense

Plaintiff has failed to exhaust her remedies under the Plan before commencing this action.

## Thirteenth Separate Defense

Plaintiff's claims are barred by applicable statutes of limitations.

## Fourteenth Separate Defense

While denying that Plaintiff is entitled to any relief whatsoever, if this Court finds the Plan determinations were in any way incorrect, Plaintiff's claim for benefits should be remanded to the Plan.

Having answered all allegations and claims contained in Plaintiff's Complaint, the Plan respectfully seeks an Order of the Court: (1) dismissing this action, including all claims asserted therein, with prejudice; (2) entering judgment in favor of the Plan, and against Plaintiff, on all claims; (3) awarding the Plan its attorneys' fees and costs, under ERISA or other provision; and (4) entering such other and further relief as is just and appropriate.

Dated: December 11, 2006.

Respectfully submitted,

/s/  Craig D. Galli
Craig D. Galli
Michael S. Beaver
Catherine C. Crane
Holland & Hart LLP
8390 E. Crescent Pkwy., Suite 400
Greenwood Village, CO 80111
(303) 290-1600
ATTORNEYS FOR CH2M HILL
GROUP DISABILITY PLAN and THE
STANDARD INSURANCE COMPANY

# CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of December 2006, I electronically filed the foregoing **ANSWER OF THE CH2M HILL GROUP DISABILITY PLAN TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

> Scott B. Elkind
> ELKIND & SHEA
> 801 Roeder Rd., Suite 550
> Silver Spring, MD  20910

/s/  Barbara Thurgood

3641627_1.DOC