# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARLENE FULWOOD<br>309 Maryland Ave.<br>Hamilton, VA 20158<br><br>    Plaintiff,<br><br>vs.<br><br>THE STANDARD INSURANCE<br>COMPANY, A Subsidiary of StanCorp<br>Financial Group, Inc.<br>1100 SW Sixth Avenue<br>Portland, OR 97204,<br><br>and<br><br>CH2M HILL GROUP DISABILITY<br>PLAN,<br><br>    CH2M Hill. | ANSWER OF DEFENDANT THE STANDARD INSURANCE COMPANY TO PLAINTIFF'S COMPLAINT<br><br>Civil Action No. 1:06-CV-01748-CKK |

Defendant The Standard Insurance Company ("Standard"), through its attorneys, Holland & Hart LLP, for its Answer in the captioned action, hereby admits, denies, and states as follows:

## ANSWER TO ALLEGATIONS CONCERNING JURISDICTION AND VENUE

1.    Answering paragraph 1 of Plaintiff's Complaint, Standard admits that Plaintiff purports to bring a civil action under ERISA, 29 U.S.C. § 1001, *et seq.* but denies that Plaintiff has stated any valid claims for relief.

2.	Answering paragraph 2 of Plaintiff's Complaint, Standard admits that this Court has jurisdiction over this action, but denies that Plaintiff has stated any valid claims for relief.

3.	Answering paragraph 3 of Plaintiff's Complaint, Standard admits that venue is proper under 29 U.S.C. §1132(e), but denies that Plaintiff has stated any valid claims for relief.

4.	Answering paragraph 4 of Plaintiff's Complaint, Standard admits that Plaintiff purports to bring this action pursuant to ERISA 29 U.S.C. 1132(a), but denies that Plaintiff has stated any valid claims for relief. Standard denies all remaining allegations inconsistent with the foregoing.

## ANSWER TO ALLEGATIONS CONCERNING PARTIES

5.	Answering paragraph 5 of Plaintiff's Complaint, Standard admits, upon information and belief, that Plaintiff is an adult resident of Hamilton, Virginia.

6.	Answering paragraph 6 of Plaintiff's Complaint, Standard admits that to the extent Plaintiff was a participant in the CH2M Hill Group Disability Plan (the "Plan"), her participation arose as a consequence of her employment with CH2M Hill.

7.	Answering paragraph 7 of Plaintiff's Complaint, Standard denies that it was the "insurer" of the Plan. Standard admits that it acted as the third-party claims administrator of the Plan.

## ANSWER TO ALLEGATIONS CONCERNING
## THE DISABILITY CONTRACT

8.	Answering paragraph 8 of Plaintiff's Complaint, Standard denies that it was the insurer of the Plan or has any liability for benefit payments under the Plan and

states that Standard served only as the third-party claims administrator for the Plan, performing administrative functions and claims processing within the framework of rules established by the Plan. Standard denies allegations inconsistent with the foregoing.

9. Answering paragraph 9 of Plaintiff's Complaint, Standard states that the terms of the Plan speak for themselves. Further, Standard states that such allegations contain legal conclusions which need be neither admitted nor denied at this time.

10. Answering paragraph 10 of Plaintiff's Complaint, Standard states that the terms of the Plan speak for themselves.

## ANSWER TO ALLEGATIONS CONCERNING PLAINTIFF'S DISABILITY CLAIM

11. Answering paragraph 11 of Plaintiff's Complaint, Standard states that the extent of its knowledge regarding Plaintiff's claimed disability is contained within the administrative claim record, and that such record speaks for itself. To the extent that any other answer is required, Standard denies the allegations contained in paragraph 11.

12. Answering paragraph 12 of Plaintiff's Complaint, Standard admits that Plaintiff was an employee of CH2M but denies the remaining allegations contained therein.

13. Answering paragraph 13 of Plaintiff's Complaint, Standard admits that Plaintiff's initial claim was denied on December 16, 2004.

14. Answering paragraph 14 of Plaintiff's Complaint, Standard admits that Plaintiff filed an appeal on July 21, 2005 and states that the remaining allegations contained therein are vague and conclusory, and therefore denies them. Further,

Standard states that such allegations contain legal conclusions which need be neither admitted nor denied at this time.

15. Answering paragraph 15 of Plaintiff's Complaint, Standard admits that Plaintiff appealed the initial claim denial decision and that Standard issued a letter concerning the appeal on October 20, 2005. Standard further states that the letter of October 20, 2005 speaks for itself.

16. Answering paragraph 16 of Plaintiff's Complaint, Standard denies the allegations contained therein.

17. Answering paragraph 17 of Plaintiff's Complaint, Standard denies the allegations contained therein.

18. Answering paragraph 18 of Plaintiff's Complaint, Standard denies that Plaintiff sent more than one request for documents after the initial claim denial, and did not send any such request after Standard's letter of October 20, 2005 was sent. Further, Standard states that the remaining allegations contain legal conclusions which need be neither admitted nor denied at this time, and therefore denies them.

19. Answering paragraph 19 of Plaintiff's Complaint, Standard denies the allegations contained therein.

### ANSWER TO REQUESTED RELIEF

20. Pursuant to the January 11, 2007 Minute Order, Docket Number 13, paragraph 20 of Plaintiff's Complaint is dismissed with prejudice as to Standard, thus Standard need not respond to the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Answering paragraph 21 of Plaintiff's Complaint, Standard denies that Plaintiff is entitled to an award of attorney's fees under ERISA, and further denies that it has any liability to Plaintiff for fees incurred in attempting to secure benefits under the Plan.

22. Answering paragraph 22 of Plaintiff's Complaint, Standard denies that Plaintiff is entitled to any penalties under ERISA.

23. Answering paragraph 23 of Plaintiff's Complaint, Standard denies that Plaintiff is entitled to any relief in any form.

## SEPARATE DEFENSES

### First Separate Defense

To the extent Plaintiff's Complaint asserts claims or seeks remedies not provided by ERISA, or to the extent Plaintiff relies upon state law with respect to any aspect of her claims, Plaintiff's claims are preempted and/or barred by ERISA.

### Second Separate Defense

Plaintiff is not entitled to attorney's fees and costs under ERISA, or other relief which has been requested, because (among other reasons) Standard's actions and defenses were reasonable and advanced in good faith.

### Third Separate Defense

Because Plan documents contain a grant of discretionary authority to claims decision-makers, the Court's review is limited to determining whether the Plan has acted arbitrarily or capriciously.

### Fourth Separate Defense

Plaintiff's claims are barred by the doctrines of waiver, laches and estoppel, as incorporated into ERISA.

### Fifth Separate Defense

Plaintiff's claims are barred by applicable statutes of limitations.

### Sixth Separate Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Seventh Separate Defense

The Plan, Standard and all claims decision-makers have acted reasonably, and not arbitrarily or capriciously, with respect to consideration and determination of Plaintiff's claim for benefits under the Plan. All determinations concerning Plaintiff's claim for benefits are supported by substantial evidence.

### Eighth Separate Defense

Prejudgment interest is not provided under any term of the Plan.

### Ninth Separate Defense

CH2M and other Plan fiduciaries have discharged their duties with respect to the Plan in the interest of the Plan participants and beneficiaries, and, in doing so, CH2M and other Plan fiduciaries have acted in accordance with the documents and instruments governing the Plan.

### Tenth Separate Defense

Plaintiff has failed to exhaust her remedies under the Plan before commencing this action.

### Eleventh Separate Defense

While denying that Plaintiff is entitled to any relief whatsoever, if this Court finds the Plan determinations were in any way incorrect, Plaintiff's claim for benefits should be remanded to the Plan.

Having answered all allegations and claims contained in Plaintiff's Complaint, Standard respectfully seeks an Order of the Court: (1) dismissing this action, including all claims asserted therein, with prejudice; (2) entering judgment in favor of Standard, and against Plaintiff, on all claims; (3) awarding Standard its attorneys' fees and costs, under ERISA or other provision; and (4) entering such other and further relief as is just and appropriate.

Dated: January 31, 2007.

Respectfully submitted,

/s/ Catherine C. Crane
Michael S. Beaver
Catherine C. Crane
Holland & Hart LLP
8390 E. Crescent Pkwy., Suite 400
Greenwood Village, CO 80111
(303) 290-1600

ATTORNEYS FOR THE STANDARD INSURANCE COMPANY and CH2M HILL GROUP DISABILITY PLAN

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of January 2007, I electronically filed the foregoing **ANSWER OF DEFENDANT THE STANDARD INSURANCE COMPANY TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

>Scott B. Elkind
>ELKIND & SHEA
>801 Roeder Rd., Suite 550
>Silver Spring, MD 20910

/s/ Anne Ronan

3663259_1.DOC