# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARLENE FULWOOD <br> 309 Maryland Ave. <br> Hamilton, VA 20158 <br><br> Plaintiff, <br><br> vs. <br><br> THE STANDARD INSURANCE COMPANY, A Subsidiary of StanCorp Financial Group, Inc. <br> 1100 SW Sixth Avenue <br> Portland, OR 97204, <br><br> and <br><br> CH2M HILL GROUP DISABILITY PLAN, <br><br> CH2M Hill. | **REPORT OF PARTIES PURSUANT TO LCvR 16.3 REGARDING INITIAL SCHEDULING CONFERENCE** <br><br> Civil Action No. 1:06-CV-01748-CKK |

The Parties met and conferred as required by Local Rule 16.3, and agreed as to the following:

16.3(c)

(1) In a typical Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq*, case reviewed under the arbitrary or capricious standard of review the Court decides the merits upon a Motion for Judgment on the Administrative Record, because the Court is limited to the materials found in the administrative claim record and relied upon by the claim decisionmaker in the course of determining whether the plaintiff is eligible for disability benefits under the terms of the controlling policy. The LTD policy at issue here grants the decisionmaker discretionary authority to decide

all claims and interpret all policy terms, therefore, it is defendants' position that this case be reviewed by the Court under the arbitrary or capricious standard. The Plaintiff feels that there may be grounds to argue that a *de novo* standard of review applies.

(2)  The Parties do not believe any additional parties need to be joined in this action. The Parties agree that pleadings must be amended by April 6, 2007. The Parties need to review the administrative claim file in detail before determining the extent to which factual or legal issues may be agreed to or narrowed.

(3)  The Parties do not agree to use of a magistrate judge at this time.

(4)  The Parties are interested in pursuing serious settlement discussions to take place by or before May 4, 2007.

(5)  The Parties would like to address the desirability of utilizing the Court's ADR process after settlement negotiations have taken place, if such negotiations are not successful.

(6)  The Parties agree that this case can likely be settled on a Motion for Judgment on the Administrative Record. Deadlines agreed upon are as follows:

>   Filing of Motion: August 3, 2007.
>   Filing of Response in Opposition: September 7, 2007.
>   Filing of Reply in Support: September 21, 2007.
>   Decision filed: December, 2007.

(7)  The Parties agree that initial disclosures, which shall include the Administrative Claim Record, will be exchanged by March 2, 2007. It is Defendants' position that this action should be decided solely under ERISA, that the Court's review should be limited to the claim record, and that, with regard to Defendants, no discovery

should be allowed beyond what is contained in the claim record and relevant Plan documents

(8)  It is Defendants' position that this action may be brought only pursuant to the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA").  Accordingly, the Court's review of this action is limited to the materials presented to the claims administrator at the time the decision concerning benefits was made.  *See e.g., Hall v. UNUM Life Ins. Co. of Amer.*, 300 F.3d 1197, 1201 (10th Cir. 2002); *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975, 981-82 (7th Cir. 1999); *Banuelos v. Const. Laborers' Trust Funds*, 382 F.3d 897, 903-04 (9th Cir. 2004); *Maune v. Int'l Brotherhood of Elec. Workers, Local # 1, Health and Welfare Fund*, 83 F.3d 959, 963 (8th Cir. 1996); *Denton v. First National Bank of Waco*, 765 F.2d 1295, 1301 (5th Cir. 1985).  Therefore, the only information relevant to the claims and defenses in this action is found in the claim record and in relevant plan documents, thus, discovery with regard to Defendants should be limited to the materials contained therein.  Any dispute concerning the scope of discovery that cannot be resolved by the parties shall be addressed promptly in a motion to the court.

(9)  Because the Court's consideration of this case should be limited to the claim record pursuant to ERISA, Defendants assert that no expert witness testimony should be allowed, but Defendants reserve the right to endorse experts responsive to any experts utilized by any other Party.

(10)  Not applicable.

(11)   No bifurcation is necessary.

(12)   If the Court determines that a trial is necessary after deciding the Motion for Judgment on the Administrative Record, the Parties would propose that a pretrial conference be held one month after the Court so determines.

(13)   The Parties agree that the Court should set a trial date at the time of the pretrial conference.

Dated: February 7, 2007.

Respectfully submitted,

/s/ Catherine C. Crane
Michael S. Beaver
Catherine C. Crane
Holland & Hart LLP
8390 E. Crescent Pkwy., Suite 400
Greenwood Village, CO 80111
(303) 290-1600

ATTORNEYS FOR THE STANDARD
INSURANCE COMPANY and CH2M
HILL GROUP DISABILITY PLAN

# CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of February, 2007, I electronically filed the foregoing **REPORT OF PARTIES PURSUANT TO LCvR 16.3 REGARDING INITIAL SCHEDULING CONFERENCE** with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

>    Scott B. Elkind
>    ELKIND & SHEA
>    801 Roeder Rd., Suite 550
>    Silver Spring, MD  20910

                                    /s/  Anne Ronan

3666846_1.DOC