# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARLENE FULWOOD ) <br> 309 Maryland Ave. ) <br> Hamilton, VA  20158 ) <br>  ) <br> Plaintiff, ) <br>  ) <br> vs. ) <br>  ) <br> THE STANDARD INSURANCE ) <br> COMPANY, A Subsidiary of StanCorp ) <br> Financial Group, Inc. ) <br> 1100 SW Sixth Avenue ) <br> Portland, OR  97204, ) <br>  ) <br> and ) <br>  ) <br> CH2M HILL GROUP DISABILITY PLAN, ) <br>  ) <br> CH2M Hill. ) <br>  ) <br>  ) | **PROPOSED SCHEDULING ORDER** <br><br> Civil Action No. 1:06-CV-01748-CKK |

**1.     DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

The scheduling conference in the above case was held on February 8, 2007.  Appearing

for the parties were:

Plaintiff Darlene Fulwood:
Scott B. Elkind
ELKIND & SHEA
801 Roeder Rd., Suite 550
Silver Spring, MD  20910

Defendants CH2M Hill Group Disability Plan and The Standard Insurance Company:
Michael S. Beaver, Esq.
Holland and Hart, LLP
8390 East Crescent Parkway Suite 400
Greenwood Village, CO  80111  (303) 290-1600

**2.     CASE PLAN AND SCHEDULE**

a)  <u>Disclosures under Fed. R. Civ. P. 26(a)(1)</u>:  March 2, 2007.

b)  <u>Deadline for Joinder of Parties and Amendment of Pleadings</u>:  April 6, 2007

c)  <u>Discovery Cut-Off</u>:  July 6, 2007

d)  <u>Dispositive Motion Deadline</u>:  August 3, 2007

e)  <u>Expert Witness Disclosure</u>:

Because the Court's consideration of this case should be limited to the claim record pursuant to ERISA, Defendants assert that no expert witness testimony should be allowed, but Defendants reserve the right to endorse experts responsive to any experts utilized by any other Party.

 (1) Each party shall be limited to four (4) expert witnesses.

 (2) The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 4, 2007.

 (3) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 1, 2007.

 (4) Notwithstanding the provisions of Fed R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the Court.

f) <u>Deposition Schedule</u>**:**

Defendants assert that because the Court's consideration of this case should be limited to the claim record pursuant to ERISA, no depositions or discovery should be allowed. If, over Defendants' objections, Plaintiff is permitted to take depositions of Defendants employees or agents, Defendants reserve the right to depose the Plaintiff.

g) <u>Interrogatory Schedule</u>:

Subject to Defendants' objections to discovery as stated above, the parties agree that, if discovery is allowed, each party may serve interrogatories in one or more sets no later than June 1, 2007.

h) <u>Written Requests</u>:

Subject to Defendants' objections to discovery as stated above, the parties agree that, if discovery is allowed, each party may serve requests for production of documents and things and requests for admission no later than June 1, 2007.

i) <u>Discovery Limitations</u>:

    (1) Subject to objection by Defendants, each party shall be limited to 10 depositions of fact witnesses plus any experts.

    (2) Subject to objection by Defendants, limits which the parties propose on the length of depositions: 7 hours.

    (3) Any written discovery shall not exceed the presumptive limits in Fed. R. Civ. P. 26.

    (4) Limitations which any party proposes on the number of requests for production of documents and/or requests for admissions: Each party shall be permitted twenty-five (25) requests for production and twenty-five (25) requests for admissions. Additional requests made be sought upon motion to the Court for good cause shown.

**3.    SETTLEMENT**

The parties anticipate exchanging settlement offers informally. They also request that the Court set a settlement conference at a mutually convenient time.

**4.    DATES FOR FURTHER CONFERENCES**

    a)    Status conferences will be held in this case at the following dates and times:

        _____

        _____

    b)    A final pretrial conference will be held in this case on _____ at _____ o'clock __.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

DATED this _____ day of February, 2007.

                                                                        BY THE COURT:

                                               _____
                                               Colleen Kollar-Kotelly
                                               United States District Judge